Thomas ALSTON, Plaintiff,

v.

JOHN UMSTEAD
HOSPITAL, Defendant.

No. 85–1114–CIV–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

March 3, 1986.

Thomas Alston, Louisburg, N.C., for plaintiff.

Wilson Hayman, Asst. Atty. Gen., Augusta B. Turner, Associate Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for defendant.

## ORDER

BRITT, Chief Judge.

Plaintiff instituted this action on 2 August 1985 alleging that on 8 September 1984 he was "illegally enslaved" for a period of six days, given Navane and had his blood unlawfully "confiscated," all in violation of his civil rights. The complaint contains no prayer for relief but will be treated by the court as an action under Title 42, United States Code, Section 1983. Defendant has filed answer and a motion to dismiss or, in the alternative, for summary judgment. Plaintiff has been given notice of the effect of a failure to respond to the motion for summary judgment and has filed an affidavit essentially realleging the contents of the complaint.

Plaintiff is no stranger to this court nor are the allegations set forth in this complaint. In the case of *Thomas Alston v. Franklin County Sheriff*, No. 85–333–CIV–5 (E.D.N.C.), plaintiff brought suit against the Sheriff of Franklin County, Duke Medical Center, John Umstead Hospital, Dorothea Dix Hospital, Governor James B. Hunt and, after having been given an opportunity to particularize his complaint, Dr. Andrew G. Briggs, a psychiatrist at John Umstead Hospital, alleging many of the same things as set forth in the complaint in this action, although for different periods of time, ending in August 1984.

Defendant's motion for summary judgment is supported by an affidavit of Dr. Carl Anderson, a resident in psychiatry at John Umstead Hospital during the time period which the events occurred giving rise to this action. From Dr. Anderson's affidavit, which is unrefuted, it appears and the court finds as a fact that plaintiff

was involuntarily committed to John Umstead Hospital by order of a North Carolina magistrate upon petition of plaintiff's mother, Mrs. Lona Alston. Dr. Anderson diagnosed plaintiff as suffering from paranoid schizophrenia and prescribed Navane, a widely used and accepted medication for the treatment of that disorder. During plaintiff's hospitalization a blood sample was taken for the purpose of diagnosing any medical illness which he might have. Plaintiff only stayed in John Umstead Hospital six days—from 8 September through 13 September—as he was discharged against the advice of Dr. Anderson by order of the Honorable C.W. Wilkinson, Jr., North Carolina District Court Judge. The judge cited as his reason for discharging the plaintiff: "Motion by special counsel for respondent to dismiss on the grounds that the petition in this matter is based on 'hearsay' evidence. Motion is allowed, case is dismissed." The petition referred to by Judge Wilkinson was the original petition for involuntary commitment signed by Lona P. Alston, mother of the plaintiff.

It, thus, appears that at all times plaintiff was lawfully committed after having been determined to be mentally ill and dangerous to himself and others. The medication given him was in accordance with generally accepted medical standards, and the blood sample taken was done in the process of rendering necessary and proper medical treatment to the plaintiff. Thus, he was at all times properly treated in accordance with medically accepted and approved standards, practices and procedures. That being the case and there being no contested issues of material fact, defendant is entitled to summary judgment.

■ In addition, it would appear that defendant is entitled to summary judgment on the grounds of immunity under the eleventh amendment to the Constitution of the United States, as this action is one seeking monetary relief against the State of North Carolina through its agent, John Umstead Hospital. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974);

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). *See also Glenn v. Royal*, No. 80–777–CIV–5 (E.D.N.C. 28 October 1981).

The motion of defendant for summary judgment is allowed and this action is hereby dismissed.